## Case No. 9,053.

### In re MANY et al.

[9 Ben. 160; 1 17 N. B. R. 429.]

District Court, S. D. New York. June 26, 1877.

BANKRUPTCY—ADDITIONAL ALLOWANCES TO AS-
SIGNEES.

Considerations stated which govern additional allowances to assignees in bankruptcy, under general order No. 30, as amended.

[In the matter of Francis Many and James Marshall, bankrupts. For prior proceedings in this litigation, see Case No. 9,054.]

Carter & Eaton, for assignee.

BLATCHFORD, District Judge. A recent amendment to general order No. 30, in bankruptcy, provides as follows: "It being found, that, in certain special cases, requiring great care and exertion on the part of assignees in bankruptcy, the fees and allowances now provided are insufficient, it is, therefore, hereby ordered, that, in such cases as are above mentioned, the district judge be and is hereby authorized, by and with the advice and concurrence of the circuit justice or judge, to make such additional allowance to the assignee or trustee, or to both or either of them, if there be more than one, as in his judgment shall be a fair and just compensation for his or their services, having regard to the amount of assets, the amount of labor required, and the special circumstances of the case, and that so much of general order thirty as conflicts herewith be repealed." Under general order No. 30, as it stood before this amendment, all allowance to an assignee, as compensation for his services, was forbidden, except that he could have the commissions provided for by section 5,100 of the Revised Statutes, on moneys received and paid, and certain items of fees provided for by general order No. 30, for specific services.

In the present case the assets are, in money, in the hands of the assignee, $11,298.57. The assignee's fees and allowances, including commissions, would be $377.73. The assignee asks for an additional allowance. The register reports, that, in his opinion, having regard to the amount of assets, the amount of labor required and the special circumstances of the case, the assignee is entitled to receive an allowance of $850, in addition to his commissions and fees allowed by law, and that such allowance is, in his judgment, a fair and just compensation for the services of the assignee. This report of the register is based on certain testimony annexed to it, and the register reports that he finds, from that testimony and from his own knowledge of the case, that the assignee has been obliged to perform and has performed unusual services in the administration of the estate, that this is a case which has required great and unusual care and attention on his part, and that he is entitled to an additional allowance for his services herein.

The total compensation to the assignee, if he should receive the $850 and the $377.73, would be $1227.73. This would be over 10.86 per cent on the assets, and there is, undoubtedly, a bill, paid or unpaid, for the services of counsel and attorneys to the assignee, as he is a professional accountant, and not a lawyer, and a portion of the services in respect of which the assignee asks for additional compensation were rendered in regard to matters in suit and in litigation.

The register reports that the services of the assignee were "unusual," but it is not stated wherein, nor does the testimony show wherein. Nor does the report state, nor the evidence show, wherein the care and attention on the part of the assignee have been great and unusual.

The assets consisted of a stock of hardware in a store and of open accounts and notes. The assignee states, that, from the time he took possession of the assets, he attended at the store 25 days, making sales at private sale, posting books, examining accounts and investigating facts about them, conferring with the bankrupts and creditors, and making an inventory of the hardware. There is nothing in all this that is unusual or that required "great care and exertion," and it is only in such a case that an additional allowance can be made. General order No. 30 allows a specific fee of one dollar for each hour necessarily employed in making an inventory, and also 20 cents for each folio of inventory. The assignee charges $90 for 90 hours making the inventory, and $25 for 125 folios of inventory, and also asks for $10 a day for each of the 25 days above mentioned, being $250.

The assignee also states, that, during 150 other days he was employed a part of every day, and during 50 of those 150 days the greater part of every day, in collecting 213 accounts, examining into the merits of each, making out statements of each, corresponding with most of the debtors, and communicating either personally or by letter with all of them. He also states, that he gave his personal attention to the conduct of five suits which were necessary to be brought, and were brought, by him, as assignee, in all of which he obtained judgments; and that he realized for the estate, from the accounts and suits, over $6,000. For collecting that amount he considers himself entitled to $500. There is nothing in all this that is unusual, unless it be unusual for an assignee to attend to the duties of his trust for the compensation fixed by law and known to him when he accepts the trust. Nor does the above statement show a special case involving great care and exertion.

The assignee also states, that he gave a great deal of time and labor to a controversy respecting goods valued at $5,000, held by

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

the bankrupts as security for advances to a party who claimed the goods; and that the matter required him to make a difficult and laborious investigation of the facts, adjustment of complicated accounts, attendances on the taking of testimony, and consultations with attorneys and other persons, covering a period of about 7 months, including the 150 days above named and excluding the 25 days above named. He considers his services in this matter worth $250. The above general statement does not show a special case requiring great care and exertion. It does not state facts on which the district judge can arrive at the judicial conclusion that this was a special case and required great care and exertion, nor facts from which the judge can see what amount of labor was required or what were the special circumstances of the case. It does not amount to more than the conclusions and opinions of the assignee.

The same remarks apply to the next charge. The assignee states that he attended to the matter of contesting invalid claims against the estate, which resulted in expunging proofs to the amount of $20,000; that he investigated facts and adjusted accounts, and had consultations and interviews, and examined memoranda, and attended on the taking of testimony, such services covering 260 days, including the 7 months above named, during which time he was occupied in the matter a portion of each day, and on many occasions the whole of each day, to the exclusion of all other business. For these services he asks $250.

The total sum he claims is $1250. One of the bankrupts testifies that the assignee ought to have that amount, and the assignee's partner in business, as a professional accountant and collection agent, testifies to the same effect. This is all the testimony.

So far as the deposition of the assignee in this case discloses facts to make out a special case requiring great care and exertion on his part, it is difficult to see why any case involving trouble could not be represented by an ill paid assignee in very much the same terms employed by the assignee in his deposition in this case. If the present case, as disclosed in that deposition, is not only a special case requiring great care and exertion, but one of a class spoken of, in the amendment, as "certain special cases requiring great care and exertion on the part of assignees in bankruptcy," almost all cases in which anything is done by an assignee will become such special cases. The purpose of the amendment was not to reform the rate of compensation to assignees in all cases nor in any large proportion of cases. Undoubtedly, the compensation of assignees may often be properly called insufficient, but the supreme court did not, by the amendment, intend to alter it. It intended only to provide for a small class of cases, where a special inadequacy of compensation appears, and great care and exertion are shown. In the present state of the papers in this case I cannot adjudge that a case is made out falling within the amendment.